# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEEPWELL ENERGY SERVICES,**
**Employer Below, Petitioner**

**vs.)    No. 17-1120**  (BOR Appeal No. 2052068)
                    (Claim No. 2016010540)

**CLAUDE WORKMAN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deepwell Energy Services, by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Claude Workman, by his attorney, J. Thomas Greene Jr., filed a timely response.

The issue on appeal is whether Mr. Workman's worker's compensation claim for hearing loss is compensable. On December 9, 2015, the claims administrator denied Mr. Workman's occupational hearing loss claim. The Office of Judges reversed the claims administrator in its June 23, 2017, Order and held the claim compensable. The Order was affirmed by the Board of Review on November 17, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Workman submitted an employee's and physician's report of occupational hearing loss on February 11, 2015, alleging he sustained hearing loss due to exposure to loud noise. Mr. Workman has a lengthy history as a truck driver in an industrial setting. He was diagnosed with hearing loss and referred for a binaural hearing aid fitting. The claims administrator rejected his claim on December 9, 2015, because Mr. Workman was not exposed to sufficient noise levels to cause hearing loss.

On March 27, 2017, Charles Haislip, M.D., an otolaryngologist, testified via deposition that occupational noise-induced hearing loss can occur with noise above ninety decibels or with a

1

sudden acoustic blast. He would expect to see hearing loss after eight to ten years of occupational exposure. The hearing loss is accumulative and would continue with repeated noise exposure. Age, hypertension, diabetes, and high cholesterol can have an impact on hearing loss. During his evaluation, Mr. Workman told Dr. Haislip that he had a gradual decline in his hearing for many years. Dr. Haislip opined that an audiogram performed in relationship to his evaluation was consistent with noise induced hearing loss. It showed hearing loss at a minimal level with a sudden fall off in the acoustic notch. Mr. Workman's hearing was 180 in the left ear and 160 in the right ear. Dr. Haislip opined that Mr. Workman had sustained occupational hearing loss.

On June 23, 2017, the Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for hearing loss with a last date of exposure of August 11, 2015. The Office of Judges determined that Mr. Workman established that his hearing loss was incurred in the course and scope of his employment. In doing so, it relied on the opinion of Dr. Haislip who testified that the audiogram was consistent with noise induced hearing loss. The Office of Judges found the claims administrator erred in denying Mr. Workman's claim for hearing loss. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 17, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Workman worked in positions with exposure to noise for over forty years. The only medical opinion is that of Dr. Haislip, who opined that Mr. Workman had occupational hearing loss. The Board of Review did not err in affirming the Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker